IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **JORGE RAMOS,** § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | Civil Case No.: _____ | |
| § | | |
| **DSG DALLAS, LLC, DOING BUSINESS** § | | |
| **AS ASHLEY FURNITURE HOMESTORE,** § | **Jury Trial Demanded** | |
| **AND ASHLEY HOMESTORE,** § | | |
| *Defendants*. § | | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Jorge Ramos, hereinafter called Plaintiff, complaining of and about DSG Dallas, LLC, Doing Business As Ashley Furniture Homestore, and Ashley HomeStore, hereinafter called Defendants; and, for cause of action, shows unto the Court the following:

**PARTIES AND SERVICE**

1.  Plaintiff, Jorge Ramos, is a citizen of the United States and the State of Texas and resides in El Paso County, Texas.

2.  Defendant DSG Dallas, LLC, Doing Business As Ashley Furniture Homestore, a company authorized to conduct business in the State of Texas, may be served with process through its Registered Agent, C T Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201. Service of said Defendant as described above can be effected by personal delivery.

3. Defendant Ashley HomeStore, a company authorized to conduct business in the State of Texas, may be served with process through its Office Manager, Rosa Casas, at 1411 Airway Boulevard, El Paso, Texas 79925. Service of said Defendant as described above can be effected by personal delivery.

## JURISDICTION & VENUE

4. The action arises under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq., as hereinafter more fully appears.

5. This Court has original jurisdiction over these federal claims under 28 U.S.C. §§ 1331 and 1343.

6. Venue is proper in this district and this division pursuant to 28 U.S.C. § 1391(b) because Defendants reside in this district and because all the acts giving rise to this action occurred in this district.

## FACTS

7. After entering the premises of Ashley HomeStore ("Ashley") located at 1411 Airway Boulevard, El Paso, Texas 79925, to purchase a television stand, Plaintiff was informed by an agent of Ashley that he was not allowed to remain in the building without a mask. Subsequently, Mr. Ramos was also informed by another agent of Ashley, Mr. Mark Smith (sic), that he was not allowed to remain in the building without a mask. Mr. Ramos informed Mr. Smith that he suffers from a disability which prevents him from wearing a mask and made reference to the business' responsibilities pursuant to the Americans with Disabilities Act ("ADA") to accommodate his disability. Mr. Smith replied that Ashley would be fined if Mr. Ramos were permitted to remain in the building.

8. A simple reading of Executive Order Number GA-29 issued by the Governor for the State of Texas, Gregory Abbott, on July 2, 2020, shows Mr. Smith's representation about being fined was and is false. Mr. Smith then stated Mr. Ramos was required to provide proof of his disability which, again, is a false representation and contradicts the terms of the ADA. Mr. Smith then told Mr. Ramos to leave the premises stating, "You cannot be in the building without a mask." Mr. Ramos peacefully exited the premises.

9. Plaintiff demanded that he be compensated for the amount of the television stand he sought to purchase as well as damages for the discrimination he suffered as a direct result of the actions by Defendants' agents. Although provided with an opportunity to resolve this matter after a demand for payment and the presentment of his claim had been made, Defendants have refused to issue payment or attempt to resolve this matter amicably.

## CLAIM OF COMMON LAW FRAUD

10. Plaintiff incorporates by reference the previous paragraphs as if fully set forth herein. Defendant's agents made false representations to Plaintiff that Ashley would be fined if Plaintiff had been permitted to remain in the building without wearing a mask and that Plaintiff was required to provide proof of his disability. To the contrary, Executive Order Number GA-29 issued by the Governor for the State of Texas, Greg Abbott, does not require a business to have its customers who have a medical condition or disability that prevents the person from wearing a face covering wear face coverings within the business.

11. Plaintiff further shows that Defendants made material and false representations to Plaintiff with the knowledge of their falsehood or with reckless

disregard of the truth with the intention that such representations be acted upon by Plaintiff; and that Plaintiff relied on these representations to his detriment.

12. Consequently, Plaintiff is entitled to damages in an amount equal to the amount of the television stand he sought to purchase, lost time, as well as for damages resulting from Defendants' violation of the ADA.

13. As a proximate result of such fraud, Plaintiff sustained the damages described herein. Plaintiff is further entitled to an award of punitive damages for Defendants' fraudulent conduct.

## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

14. Plaintiff incorporates by reference the previous paragraphs as if fully set forth herein. Defendants' agents made false representations to Plaintiff that Plaintiff was required to provide proof of his disability.

15. Title III of the ADA provides, in relevant part, that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." Section 301 of Title III, 42 U.S.C. § 12181, provides that "[t]he following private entities are considered public accommodations for purposes of this subchapter, if the operations of such entities affect commerce…(E) a bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment."

16. Defendants failed to provide reasonable accommodations for Plaintiff's disability as required by the ADA. Consequently, Plaintiff is entitled to damages in an amount equal to the amount of the television stand he sought to purchase, lost time, as well as for damages resulting from Defendants' violation of the ADA.

## INVASION OF PRIVACY

17. Plaintiff incorporates by reference the previous paragraphs as if fully set forth herein. Defendants intentionally invaded Plaintiff's privacy by intruding on his solitude, seclusion, or private affairs. This invasion was highly offensive to Plaintiff and would be highly offensive to a reasonable man. Plaintiff was injured because of the conduct of Defendants. Plaintiff suffered damages for which Plaintiff herein sues.

## NEGLIGENT HIRING BY DEFENDANTS

18. Plaintiff incorporates by reference the previous paragraphs as if fully set forth herein. Plaintiff alleges that Defendants did not properly screen, evaluate, investigate, or take any reasonable steps to determine whether its employees were unfit, incompetent, or a danger to third parties. Defendants knew or should have known that its employees including Mr. Mark Smith (sic) and Rosa Casas were unfit and could foresee that Mr. Mark Smith (sic) would come in contact with Plaintiff thereby creating a risk of danger to Plaintiff. Defendants' failure to exercise reasonable care in screening, evaluating, and investigating Mr. Mark Smith (sic) and Rosa Casas was the proximate cause of damages to Plaintiff for which Plaintiff hereby sues.

## RESPONDEAT SUPERIOR AND RATIFICATION

19. Whenever it is alleged in this complaint that a Defendant did any act or thing, it is meant that the officers, agents, servants, employees, or representatives of each Defendant did such act and/or at that time such act was done, it was done with the full authorization or ratification of each Defendant or was done in the normal and routine course and scope of employment of the officers, agents, servants, employees, or representatives of each Defendant.

## DAMAGES

20. Plaintiff sustained the following damages as a direct result of the actions and/or omission of each Defendant described hereinabove:

    a. The cost of the television stand sought to be purchased;

    b. All reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff;

    c. Lost pay in an amount to compensate Plaintiff as the Court deems equitable and just;

    d. All reasonable and necessary costs incurred by or on behalf of Plaintiff in pursuit of this suit;

    e. Emotional pain;

    f. Expert fees as the Court deems appropriate;

    g. Inconvenience;

    h. Interest;

    i. Deprivation of seclusion;

    j.    Humiliation; and

    k.    Loss of time.

## EXEMPLARY DAMAGES

21.    Plaintiff would further show that the acts and omissions of each Defendant complained of herein were committed with malice or reckless indifference to the protected rights of the Plaintiff. In order to punish each said Defendant for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from each Defendant for exemplary damages.

## ATTORNEY'S FEES, COSTS OF COURT, AND INTEREST

22.    As a result of Defendant's actions as stated and shown herein, Plaintiff was required to retain legal counsel to prosecute the claims set forth herein and have and will incur reasonable and necessary attorney fees, expenses, and costs of court in pursuing these and potentially other claims. Plaintiff hereby seeks recovery of such attorney fees, expenses, and costs of court from each Defendant, including all fees necessary in the event of an appeal of this cause, as the Court deems equitable and just.

23.    Attorney fees should be awarded for any and all services rendered up to and including trial and any and all post-trial motions and appeals.

## CONDITIONS PRECEDENT

24.    All conditions precedent have been performed or have occurred.

## SPOLIATION

25.    Plaintiff demands that each Defendant and its agents protect and preserve (1) all electronically stored data*, (2) e-mails (electronic mail), (3) text

messages, (4) audio recordings, (5) social media content, (6) documents, (7) spreadsheets, (8) databases, (9) calendars, (10) telephone logs, (11) instant messages, (12) internet history, (13) social networking websites, (14) passwords, (15) usernames, (16) network access information, (17) world wide web pages, and (18) video recordings which are (a) in the possession of each Defendant and its agents, (b) accessible by each Defendant and its agents, or (c) obtainable from a third party or entity by each Defendant or its agents to prevent any destruction or erasure of the foregoing. The foregoing is an important and irreplaceable source of discovery and evidence in this matter and any destruction or erasure of the foregoing may give rise to a claim for spoliation of evidence.

*electronically stored data includes, but is not limited to, the items enumerated in the preceding paragraph whether located at home, at work, on a server, with an internet service provider, or in the "cloud", and includes the protection and preservation of all information which relates to Plaintiff and any malfunction of each Defendant's computer or software systems, on each Defendant's or its agents' computer, computer network, computer system (including hard drives, removable drives, external drives, flash drives, and thumb drives), CDs, DVDs, cellular telephones, cellular telephone systems, smartphones, PDAs, e-mail servers, software, software systems, e-mail networks, voicemail, and removable electronic media.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Roy Hearn, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against each Defendant, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; exemplary damages as addressed to each Defendant; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity, whether pled or not.

Respectfully submitted,

**WOODFILL LAW FIRM, P.C.**

*/s/ Jared R. Woodfill*
Jared R. Woodfill
TBN: 00788715
Federal Bar Number 17069
3 Riverway
Suite 750
Houston, Texas 77056
Tel: (713) 751-3080
Fax: (713) 751-3058
Email: woodfillservice@gmail.com (Service Only)
Email: jwoodfill@woodfilllaw.com (Non-Service Only)
***Attorneys for the Plaintiff***

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**